**Renée E. Rothauge, OSB No. 903712**
ReneeRothauge@MarkowitzHerbold.com
**Shannon Armstrong, OSB No. 060113**
ShannonArmstrong@MarkowitzHerbold.com
**Kristin M. Asai, OSB No. 103286**
KristinAsai@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Telephone: (503) 295-3085
Fax:  (503) 323-9105

      Attorneys for Defendant
      Simple RTO, LLC, d/b/a
      Simple Finance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SIMPLE FINANCE TECHNOLOGY CORP.**, a Delaware corporation,<br><br>                Plaintiff,<br><br>v.<br><br>**SIMPLE RTO, LLC, d/b/a SIMPLE FINANCE**, a Utah limited liability corporation,<br><br>                Defendant. | CV No. 3:16-cv-00801-BR<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

     For its answer to plaintiff's Complaint, defendant Simple RTO, LLC d/b/a Simple

Finance ("RTO") admits, denies, and alleges as follows:

**Page 1 -   ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

1.      RTO admits that plaintiff has alleged claims for trademark infringement and

unfair competition under the Lanham Act, Oregon's anti-dilution statute and the common law.

2.      RTO admits that it uses the trademark SIMPLE FINANCE in connection with its

business of providing lease financing for "rent-to-own" consumer goods.  Except as so admitted,

RTO is without sufficient information and belief regarding the allegations in paragraph 2 to

admit or deny them.

3.      RTO is without sufficient information and belief regarding the allegations in

paragraph 3 to admit or deny them.

4.      RTO admits the allegations in paragraph 4.

5.      RTO admits that the Oregon District Court has subject matter and supplemental

jurisdiction as alleged in paragraph 5.

6.      RTO admits that it is registered to do business in Oregon and that it does business

with the merchant alleged in paragraph 6.  Except as so admitted, RTO denies the allegations in

paragraph 6.

7.      RTO admits that it does business in this District.  Except as so admitted, RTO

denies the allegations in paragraph 7.

8.      RTO is without sufficient information and belief regarding the allegations in

paragraph 8 to admit or deny them.

9.      RTO is without sufficient information and belief regarding the allegations in

paragraph 9 to admit or deny them.

10.     RTO admits that plaintiff is mentioned in the five articles attached to the

Complaint.  Except as so admitted, RTO is without sufficient information and belief regarding

the other allegations in paragraph 10 to admit or deny them.

11.     RTO is without sufficient information and belief regarding the allegations in

paragraph 11 to admit or deny them.

12.     RTO admits that plaintiff filed an application with the United States Patent and

Trademark Office ("USPTO") that was assigned Serial No. 85360756 and that the prosecution

history for that application speaks for itself, as set forth on the USPTO website.  Except as so

**Page 2 -   ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

admitted, RTO is without sufficient information and belief regarding the allegations in paragraph 12 to admit or deny them.

13.    RTO admits that, as of March 2013, it began using the mark SIMPLE FINANCE in the field of lease financing for "rent-to-own" consumer goods.  Except as so admitted, RTO denies the allegations in paragraph 13.

14.    RTO denies the allegations in paragraph 14.

15.    RTO is without sufficient information and belief regarding the allegations in paragraph 15 to admit or deny them.

16.    RTO admits that it received an undated letter from in-house counsel for Simple Finance.  Except as so admitted, RTO denies the allegations in paragraph 16.

17.    RTO admits that it filed a trademark application (Serial No. 86776645) for the mark SIMPLE FINANCE for the goods and services identified therein and that the filing date was October 2, 2015.  Except as so admitted, RTO denies the allegations in paragraph 17.

18.    RTO admits that counsel for the parties exchanged correspondence between September 2015 and March 2016.  Except as so admitted, RTO denies the allegations in paragraph 18.

19.    RTO denies the allegations in paragraph 19.

20.    RTO denies the allegations in paragraph 20.

21.    RTO denies the allegations in paragraph 21.

22.    With respect to the allegations contained in paragraph 22, RTO incorporates paragraphs 1-21 above as if fully set out herein and admits and denies accordingly.

23.    RTO denies the allegations in paragraph 23.

24.    RTO denies the allegations in paragraph 24.

25.    RTO denies the allegations in paragraph 25.

26.    RTO denies the allegations in paragraph 26.

27.    RTO denies the allegations in paragraph 27.

28.    With respect to the allegations contained in paragraph 28, RTO incorporates paragraphs 1-27 above as if fully set out herein and admits and denies accordingly.

**Page 3 -   ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

29.     RTO denies the allegations in paragraph 29.

30.     RTO denies the allegations in paragraph 30.

31.     RTO denies the allegations in paragraph 31.

32.     With respect to the allegations contained in paragraph 32, RTO incorporates paragraphs 1-31 above as if fully set out herein and admits and denies accordingly.

33.     RTO denies the allegations in paragraph 33.

34.     RTO denies the allegations in paragraph 34.

35.     RTO denies the allegations in paragraph 35.

36.     With respect to the allegations contained in paragraph 36, RTO incorporates paragraphs 1-35 above as if fully set out herein and admits and denies accordingly.

37.     RTO denies the allegations in paragraph 37.

38.     RTO denies the allegations in paragraph 38.

39.     RTO denies the allegations in paragraph 39.

40.     RTO denies the allegations in paragraph 40.

<u>**AFFIRMATIVE DEFENSES**</u>

For its Affirmative Defenses to the Complaint, RTO alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(No Likelihood of Confusion)**

41.     Plaintiff's claims against RTO for infringement of plaintiff's alleged intellectual property rights are barred, in whole or in part, because the services offered by plaintiff and defendant are not so closely related nor are they marketed in such a manner as to give rise to a likelihood of confusion.

**SECOND AFFIRMATIVE DEFENSE**

**(The Marks at Issue Can Co-Exist Without Confusion)**

42.     Plaintiff's claims against RTO for infringement of plaintiff's alleged intellectual property rights are barred, in whole or in part, because the large number of third parties with registrations for marks that consist in part of the word SIMPLE indicates that such marks can co-exist in the marketplace without any risk of consumer confusion.

### THIRD AFFIRMATIVE DEFENSE

### (The Marks at Issue Provide Different Commercial Impressions)

43.      Plaintiff's claims against RTO for infringement of plaintiff's alleged intellectual property rights are barred, in whole or in part, because the marks at issue in this dispute, when compared in their entireties, are sufficiently dissimilar in appearance, sound, connotation, and overall commercial impression.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

44.      Plaintiff's claims are barred, in whole or in part, by waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Fair Use)

45.      Plaintiff's claims are barred, in whole or in part, because RTO used the marks at issue in this dispute fairly and in good faith to describe RTO's products and services.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches/Undue Delay)

46.      Plaintiff's claims are barred, in whole or in part, by plaintiff's undue delay.

### COUNTERCLAIMS

For its Counterclaims against plaintiff, RTO alleges as follows:

### FIRST COUNTERCLAIM

### (Attorney Fees - Lanham Act)

47.      RTO incorporates by reference herein the allegations in paragraphs 1 through 46, above.

48.      Plaintiff has brought claims under the Lanham Act, which claims are utterly lacking in any valid factual or legal bases, and for the wrongful purpose of harassing RTO and interfering with its lawful business activities.

49.      Because of plaintiff's oppressive conduct in bringing wrongful claims under the Lanham Act, this is an "exceptional case" pursuant to 15 U.S.C. § 1117 and RTO, should it prevail on those claims, is entitled to recover its reasonable attorney fees and costs.

## SECOND COUNTERCLAIM

### (Attorney Fees - Objective Unreasonableness)

50.     RTO incorporates by reference herein the allegations in paragraphs 1 through 46, above.

51.     Plaintiff's claims are objectively unreasonable.

52.     RTO is entitled to its reasonable attorney fees pursuant to ORS 20.105(1).

## DEMAND FOR JURY TRIAL

53.     RTO respectfully demands a trial by jury on all claims and issues so triable.

WHEREFORE, RTO prays for relief as follows:

1.     For judgment in favor of RTO, and against plaintiff, on plaintiff's Claims for Relief;

2.     For judgment in favor of RTO, and against plaintiff, on RTO's Counterclaims;

3.     For an award in favor of RTO and against plaintiff, of RTO's reasonable attorney fees, pursuant to 15 U.S.C. § 1117(a), and/or ORS 20.105;

4.     For an award in favor of RTO, and against plaintiff, of its costs and disbursements; and

5.     For such other relief as the court deems just and proper.

DATED this 22nd day of June, 2016.

MARKOWITZ HERBOLD PC

By:     *s/ Kristin M. Asai*
_____
Renée E. Rothauge, OSB No. 903712
Shannon Armstrong, OSB No. 060113
Kristin M. Asai, OSB No. 103286
(503) 295-3085
Of Attorneys for Defendant Simple RTO,
LLC, d/b/a Simple Finance